|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

ERIC WATKINS, §
§
      Plaintiff, §
§
*versus* § CIVIL ACTION NO. 1:11-CV-553
§
THREE ADMIN. REM. COORDINATORS, §
§
      Defendants. §

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Eric Waktins, proceeding *pro se*, filed this civil rights lawsuit. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the case be dismissed for failing to state a claim upon which relief may be granted

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The magistrate judge concluded that except for a claim that a grievance was improperly rejected on November 4, 2009, plaintiff's claims were barred by the applicable statute of limitations. Plaintiff asserts the running of the period of limitations should have been tolled while he was exhausting his administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), prison inmates are required to exhaust available administrative remedies before filing a lawsuit in federal court. As a result of this statute, the running of the period of limitations is tolled while an inmate is exhausting his administrative remedies. *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999). However, plaintiff was released from prison before filing this lawsuit. As a result, neither the exhaustion requirement set

forth in Section 1997e(a), nor the tolling provided for in *Harris* apply. The magistrate judge therefore correctly concluded that most of plaintiff's claims were barred by the applicable statute of limitations.

With respect to the claim that a grievance was improperly rejected on November 4, 2009, the magistrate judge concluded a prison inmate did not have a constitutionally protected liberty interest in having a grievance considered and resolved to his satisfaction. That conclusion is correct. *Carter v. Brown*, 772 F. App'x 67, 69 (5th Cir. 2019) (citing *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005)).

## ORDER

Accordingly, the objections filed by plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment shall be entered dismissing this lawsuit.

SIGNED at Beaumont, Texas, this 9th day of August, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE